FILED

January 19 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0182

DA 14-0182

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 16N

STATE OF MONTANA,

  Plaintiff and Appellee,

v.

NEILL ISAAC  FOLLETTE,

  Defendant and Appellant.

APPEAL FROM:  District Court of the First Judicial District,
      In and For the County of Lewis and Clark, Cause No. ADC 2013-93
      Honorable Mike Menahan, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

    Julie Brown, Montana Legal Justice, PLLC, Missoula, Montana

    For Appellee:

    Timothy C. Fox, Montana Attorney General, Tammy K Plubell, Assistant
    Attorney General, Helena, Montana

    Leo J. Gallagher, Lewis and Clark County Attorney, Melissa Broch,
    Deputy County Attorney, Helena, Montana

        Submitted on Briefs: January 6, 2016
           Decided: January 19, 2016

Filed:

          Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Neill Isaac Follette (Follette) appeals his conviction and sentence from the First Judicial District Court, Lewis and Clark County. We affirm in part, reverse in part, and remand.

¶3 On March 11, 2013, Follette's wife contacted law enforcement with concerns that Follette was sexually abusing her daughter, M.C.D., who is Follette's stepdaughter and was thirteen years old at the time. During a forensic interview Lewis and Clark County Child Advocacy Center conducted on March 13, 2013, M.C.D. explained that Follette had abused her four or five times over a period of several months. During a physical examination conducted on March 21, 2013, M.C.D. described several instances where Follette anally, vaginally, or orally sexually abused her. The State charged Follette by information, filed on April 5, 2013, with felony Sexual Intercourse without Consent, a violation of § 45-5-503(1), (3), MCA, and felony Sexual Assault, a violation of § 45-5-502(1), (3), (5)(a)(ii), MCA.

¶4 Before trial, the State filed a motion in limine asking the District Court to preclude Follette from introducing evidence at trial of prior crimes, wrongs, or bad acts of any of the State's witnesses, including Follette's wife. Follette objected to the State's motion,

2

stating that it was overbroad and would inhibit his right to present a defense, but failed to make an offer of proof of the evidence he intended to offer. The District Court granted the State's motion in limine at trial. On October 23, 2013, a jury found Follette guilty of both offenses and the District Court sentenced him to two concurrent terms of forty years in prison with twenty years suspended. The District Court also ordered Follette to reimburse the cost of a forensic interview as part of his sentence.

¶5 Follette raises two issues on appeal. The first issue is whether the District Court abused its discretion in granting the State's motion in limine. A district court abuses its discretion if it acts arbitrarily without the employment of conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice. *State v. Wagner*, 2013 MT 47, ¶ 14, 369 Mont. 139, 296 P.3d 1142 (citation omitted). A district court has discretion to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. M. R. Evid. 403.

¶6 Here, Follette argues that, in granting the State's motion in limine, the District Court precluded him from introducing evidence that his wife had threatened him in the past that she would publicly accuse him of molesting one of her children in order to keep Follette from leaving her. This evidence, Follette asserts, would have supported his assertion that M.C.D. fabricated the allegations against him because her mother told her to. The District Court granted the State's motion to exclude this evidence concluding it was both more prejudicial than probative and "beyond the scope of the State's case." Also, the District Court noted that Follette had been given several opportunities to

3

provide an offer of proof, essentially to outline what specific prior crimes, wrongs, or bad acts of his wife he wished to introduce at trial. Follette never provided an offer of proof. Despite the lack of evidence introduced about his wife's prior threats, Follette was still able to argue, in his closing statement to the jury, that M.C.D. fabricated Follette's abuse at her mother's behest. The District Court did not act arbitrarily and employed its judgment reasonably in excluding Follette's proposed evidence. We conclude the District Court did not abuse its discretion in granting the State's motion in limine.

¶7 The second issue Follette presents is whether the District Court erred in imposing the cost of a forensic interview as part of his sentence. Item 52 of Follette's sentence states that the "defendant shall reimburse the Lewis and Clark County Child Advocacy Center $500." The court may require a convicted defendant in a felony case to pay costs, limited to the expenses specifically incurred by the prosecution in connection with the proceedings. Section 46-18-232(1), MCA. This statute has been interpreted to include only costs incurred after the State files an information charging the defendant. *State v. Fertterer*, 255 Mont. 73, 83, 841 P.2d 467, 473 (1992); *overruled on other grounds by State v. Gatts*, 279 Mont. 42, 52, 928 P.2d 114, 120 (1996). M.C.D.'s forensic interview was conducted on March 13, 2013, and Follette was charged by information filed on April 5, 2013. Here, the State concedes that Follette was improperly sentenced under § 46-18-232(1), MCA, because his sentence required him to reimburse costs incurred before he was charged. Because Follette was sentenced to reimbursing costs in violation of § 46-18-232(1), MCA, the District Court imposed this portion of his sentence in error.

4

¶8     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  This appeal presents no issues of first impression and does not establish new precedent or modify existing precedent.

¶9     Affirmed in part, reversed in part, and remanded with instructions that the District Court vacate the portion of Follette's sentence requiring reimbursement for a forensic interview conducted prior to the State's charge against him.


/S/ LAURIE McKINNON


We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JIM RICE